IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES SYLVESTER BELL

VS.                                         CIVIL ACTION NO. 2:00cv85-KS-MTP

MISSISSIPPI DEPARTMENT OF
CORRECTIONS

OPINION AND ORDER

This cause is before the Court on petition for Writ of *Habeas Corpus* filed by Charles Sylvester Bell alleging that a conviction and sentence that he received in the Circuit Court of Forrest County, Mississippi, was in violation of the Fifth Amendment protection against double jeopardy, and the Court after considering numerous briefs, state court records, and prior state and federal court opinions finds, that the petition should be **denied** for the reasons more specifically set forth herein.

THE UNDERLYING OFFENSE

In March of 1977, Charles Sylvester Bell ("Bell") was indicted for capital murder for killing D. C. Hayden while engaged in the commission of armed robbery and kidnaping, in violation of § 97-3-19(2)(e) of the Mississippi Code of 1972, as amended. The crime occurred on June 22, 1976.  On August 9, 1984, Bell entered a plea of guilty to a subsequent indictment charging the armed robbery that was one of the underlying felonies for the capital murder.

PROCEDURAL HISTORY

Bell was convicted of capital murder and sentenced to death. Ultimately, Bell's death sentence was overturned by the United States Court of Appeals for the Fifth Circuit. See *Bell v.*

1

*Watkins*, 692 F.2d 999 (5th Cir. 1982).  The Fifth Circuit affirmed Bell's conviction for capital murder and returned the case for a sentencing hearing only to determine whether or not Bell would receive life or death. Following the overturning of his death sentence, Bell was indicted for armed robbery as a habitual offender in July of 1984. On August 9, 1984, Bell entered a plea of guilty to armed robbery by a habitual offender. On the same day, as a result of a global plea bargain, the State recommended life imprisonment rather than seeking the death penalty for his capital murder conviction. The trial court accepted the recommendation and sentenced Bell to life imprisonment for the capital murder and twenty-five years for the armed robbery by habitual offender, to run consecutively.  On December 20, 1984, Bell filed a Motion to Vacate Judgment in the Circuit Court of Forrest County (ECF Document #57, page 1 of 33).

The two grounds for the requested relief in the motion were (1) that the conviction was barred by the double jeopardy clause of the State and Federal Constitutions and (2) that Bell was deprived of his constitutional rights to effective assistance of counsel. On March 25, 1985, the Circuit Court of Forrest County entered its order denying the relief (ECF document #57, page 6 of 33).

This decision by the Circuit Court of Forrest County was appealed to the Mississippi Supreme Court in Case Number 57264 styled "Charles Sylvester Bell vs. State of Mississippi." On August 8, 1986, the appeal was dismissed for lack of prosecution (ECF document #57, page 7 of 33). On March 5, 1987, a Motion to Reinstate and Set Aside Guilty Plea was filed in the Mississippi Supreme Court, which was ultimately dismissed on March 18, 1987, by said Court without prejudice to file in the trial court.  Bell has continued to raise issues in both state and federal courts, a list of these proceedings and many of the rulings are attached to the Response

recently filed by the State of Mississippi. (ECF Document #57) The persistence of Mr. Bell in pressing constitutional issues in both court systems is apparent. The current Petition for Habeas Review was filed, initially denied by the district court judge and subsequently reversed by the Fifth Circuit.

This Court has been specifically charged by the Fifth Circuit in its reversal order as follows, to-wit:

> Accordingly, there is no "clear and express" statement by the Mississippi Supreme Court that Bell's double jeopardy claim was procedurally barred under Miss. Code Ann. § 99-39-21. Our holding is consistent with the "plain statement" rule - to prevent a federal habeas court from undertaking a detailed review of the state court record to determine whether the procedural default was argued to the state court, or conducting an extensive analysis of state law to determine whether § 99-39-21 was applicable. See *Harris,* 489 U.S. at 264-65.
>
> Therefore, the district court erred in denying Bell's double jeopardy claim as procedurally barred.

Following the remand by the Fifth Circuit with the above instructions, this Court requested additional briefing from both sides, which has been timely supplied.

### FINDINGS

Following the extensive review that this Court has undertaken of the prior proceedings involving Mr. Bell's long and protracted journey through the federal and state court systems, this Court finds the following:

1. <u>That there is no claim, nor is there any issue, of actual innocence</u>. Mr. Bell was convicted by a jury, the conviction was affirmed by both the Mississippi Supreme Court and the Fifth Circuit Court of Appeals. He makes no claim of actual

innocence, and while the record is somewhat unclear, he apparently conceded the capital murder when he was re-sentenced by the Circuit Court of Forrest County on August 9, 1984.

2. <u>That the entry of the plea of guilty to the subsequent indictment for armed robbery and the concession by the State of its right to seek the death penalty on re-sentencing were the product of a plea bargain arrangement between Bell and his attorneys and the State of Mississippi</u>. As part of that plea bargain agreement, Bell pled guilty to the offense of armed robbery by a habitual offender and received a sentence of twenty-five years and the State did not retry the sentencing issue that had been remanded by the Fifth Circuit and conceded that a life sentence would be appropriate for the original capital murder conviction. *Ex post facto* and ineffective assistance of counsel issues were also subsequently raised but were throughly addressed by the Mississippi Supreme Court in *Bell v. State of Mississippi*, 751 So.2d 1035, 1037 (Miss. 1999) and are not before this Court.

3. <u>That the indictment for armed robbery and the ultimate guilty plea and sentence were a violation of the double jeopardy clause of the State and Federal Constitutions</u>. The case law is clear,[1] when armed robbery is used as the

---

[1] *Harris v. Oklahoma*, 433 U.S. 682, 97 S. Ct. 2912, 53 L. Ed. 2d 1054 (1977). *Murphy v. Puckett,* 893 F. 2d 94 (5th Cir. 1990).

underlying felony for a capital murder charge and there is a conviction for capital murder, the defendant cannot be convicted subsequently of the underlying felony of the capital murder. Bell's armed robbery charge, being the underlying felony for capital murder, merged into the capital murder for which Bell was convicted and the conviction was affirmed. The subsequent indictment violated the double jeopardy clause. It is apparent from the circumstances, and has been found by previous court decisions, that all of this was part of a global plea bargain entered into by Bell and the State of Mississippi for him to avoid a potential death penalty. The plea bargain does not, however, change the fact that the armed robbery conviction constitutes double jeopardy. However, as stated below, the raising of the double jeopardy claim is procedurally barred.

4. <u>That the current petition before this Court based on a claim of double jeopardy is procedurally barred</u>. This procedural bar goes back many years to the first denial of post conviction relief ordered by the Circuit Court of Forrest County, Mississippi (see ECF Document #57, page 6 of 33). The circuit judge who presided over the original trial and subsequent guilty plea stated that the Motion to Vacate Judgment alleging the ground of double jeopardy was without merit and denied same. (Order dated March 25, 1985, by the Circuit Court of Forrest County, Mississippi, in Case No. 11,351 (ECF Document #57, page 6 of 33)). From this order an appeal was taken by Bell to the Mississippi Supreme Court. By order dated July 23, 1986 (ECF Document #57, page 7 of 33) the Mississippi

Supreme Court dismissed the appeal for lack of prosecution pursuant to Supreme Court Rule 7. <u>This dismissal ended Bell's opportunity to raise the issue of double jeopardy</u>. Section 99-39-21(3) Miss. Code of 1972, states: "The doctrine of *res judicata* shall apply to all issues, both factual and legal, decided at trial and on appeal." Bell's theory of double jeopardy may have had merit, but the dismissal of the appeal foreclosed the opportunity of the Mississippi Supreme Court to review same in a timely manner. While Bell claims to have not had the opportunity to appeal his case, this simply is not true.[2]

5. <u>That Bell has not met his burden of proof in establishing that the State's procedural default rule has not been "strictly and regularly" followed</u>. When a state prisoner has had an opportunity to raise his federal claims in state court and has defaulted in pressing to conclusion his federal claims and an independent and adequate state procedural rule prevents subsequent review, this Court may not consider Bell's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental

---

[2]"Petitioner [Bell] has filed previous post conviction motions attacking the judgment of sentence. But was unable to file proper appeals in said cause and prays that this Honorable Court would grant petitioner the right of resubmitting petition of Motion to Vacate Sentence and Set Aside Conviction...." ECF Document #57, page 9 of 33, quoting Bell's post conviction petition filed in the Circuit Court of Forrest County on October 20, 1986. (ECF Document #57, page 9 of 33).

miscarriage of justice. *Stokes v. Anderson,* 123 F.3d 858 (5th Cir. 1997). Citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115, L. ED. . 2d 640 (1991).  A state procedural rule is adequate if it is "strictly and regularly followed." *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. ED. . 2d 575 (1988).

Section 99-39-21(1) of the Miss. Code Ann. contains an independent procedural bar. If this bar is "adequate," and Mississippi strictly and regularly applied it, then it is an absolute bar.  Bell bears the burden of showing that the State did not strictly or regularly follow this procedural bar around the time of his first direct appeal. Moreover, Bell must demonstrate that the State has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself. *Stokes* at 860, citing *Amos v. Scott*, 61 F. 3d 333,338 (5th Cir.). Bell's petition fails.  Numerous state court orders have found his subsequent petitions to be barred. (See decisions of the Circuit Court of Forrest County, October 29, 1986 (Exhibit E), June 15, 1989 (Exhibit I), February 6, 1996 (Exhibit Q), Orders of the Mississippi Supreme Court, May 13, 1991 (Exhibit M), and Mississippi Court of Appeals,  August 24, 2004 (Exhibit X) (Exhibits are attachments to ECF Document #57-1 filed October 30, 2006 by the State of Mississippi).

Likewise, Bell cannot demonstrate that failure to consider the claims

7

would result in a fundamental miscarriage of justice. Bell got the benefit of his bargain and clearly understood, as shown by the transcript of his guilty plea, that he would probably serve the remainder of his life in prison.

> In view of the comments and facts in this particular matter and further in view of the fact that this individual has been adjudicated as a habitual criminal - and I want to be absolutely certain in my mind, Charles Sylvester Bell it's already been noted here by your very eminent attorney, Mr. Holleman, are you aware of the fact, sir, that for all intensive [sic] purposes that this means that you will serve the remainder your natural life in the penitentiary, are you aware of that?
>
> By Charles Sylvester Bell: Yes, sir.

*Bell v. State*, 751 So. 2d 1035,1037 (Miss. 1999).  Bell did not have to face the possibility of the death penalty again.

For the reasons above stated, this Court finds that Bell's petition is procedurally barred and the requested relief is denied.

SO ORDERED this, the 26th day of January, 2007.

                        s/ *Keith Starrett*
                        UNITED STATES DISTRICT JUDGE